JONES DAY
Rick Bergstrom, Bar No. 169594
rjbergstrom@jonesday.com
Jayce E. Gustafson, Bar No. 344961
jgustafson@jonesday.com
4655 Executive Drive
Suite 1500
San Diego, California 92121.3134
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Attorneys for Defendant
MICRON TECHNOLOGY INC.

KING & SIEGEL LLP
Julian Burns King, Bar No. 298617
julian@kingsiegel.com
Robert J. King, Bar No. 302545
robert@kingsiegel.com
Erum Siddiqui, Bar No. 325981
erum@kingsiegel.com
724 S. Spring Street, Suite 201
Los Angeles, CA 90014
Telephone: +1.213.465.4802
Facsimile: +1.213.465.4803

Attorneys for Plaintiff ROBERT BIELBY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BIELBY, an individual;

Plaintiff,

v.

MICRON TECHNOLOGY INC., a Delaware corporation; and Does 1-10, inclusive;

Defendants.

Case No. 2:23-cv-2356-KJM-CKD

**STIPULATED PROTECTIVE ORDER**

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

B. GOOD CAUSE STATEMENT

This action is likely to involve personal, commercial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties),

sensitive personal information including employment records, medical records, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: *Bielby v. Micron Technology, Inc.* (Case No. 2:23-cv-02356-KJM-CKD).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 "CONFIDENTIAL—Attorneys' Eyes Only" means a party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party or a Non-Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action. When this occurs, the Producing Party may designate those

particular documents as "CONFIDENTIAL—Attorneys' Eyes Only."

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection

need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions the Designating Party may either (i) identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" or (ii) designate the entirety of the testimony at the deposition, including the exhibits, as "CONFIDENTIAL" (before the deposition is concluded) or "CONFIDENTIAL—Attorneys' Eyes Only" with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" as instructed by the Designating Party.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only." If only a

portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Designation of "CONFIDENTIAL—Attorneys' Eyes Only": If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party or a Non-Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "CONFIDENTIAL—Attorneys' Eyes Only."

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate an attempt to meet and confer concerning the designation of confidentiality within 10 days from the date the challenge is made. If the parties are unable to resolve the dispute, the Challenging Party may seek appropriate relief from the court.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any deposition or non-trial hearing witness in the Action who previously did not have access to the Protected Material; provided, however, that each such witness given access to Protected Material shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person that the Designating Party agrees to in writing.

7.3 Disclosure of "CONFIDENTIAL—Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, access to and/or disclosure of materials designated as "CONFIDENTIAL—Attorneys' Eyes Only" shall be permitted only to the following individuals:

(a) the Receiving Party's House Counsel and Outside Counsel of Record in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person that the Designating Party agrees to in writing.

This provision shall not bar any attorney herein in the course of rendering advice to his/her client with respect to this litigation from conveying to the Party client his/her evaluation of "CONFIDENTIAL—Attorneys' Eyes Only" information produced or exchanged herein, but only in general terms as opposed to the specific information, provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall deliver a copy of this Stipulation and Protective Order to such person, and shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served

with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of privileged or work-product protected material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Subject to the provisions of this order, if the Producing Party discloses information in connection with this case that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (i.e., "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any

other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

11.1 Notification Requirements; Best Efforts of Receiving Party. A Producing Party must promptly notify the Receiving Party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph 11.1(a) in which case it will follow the procedures outlined below—promptly (i) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has, (ii) provide a certification that it has ceased further review, dissemination, and use of the Privileged Information, and (iii) provide a certification that the Privileged Information has been destroyed or returned. Within five (5) business days of receipt of the notification from the Receiving Party, the Producing Party must produce a privilege log setting forth the basis for the claim of privilege. For purposes of this order, Privileged Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Privileged Information. If a Receiving Party contests the claim of privilege being made pursuant to Paragraph 11.1(a) below, the Receiving Party must promptly (i) notify the producing Party of its claim in writing, (ii) take immediate steps to cease further review, dissemination or use of the Privileged Information, and (iii) confirm in writing that it has complied with Paragraph 11.1 and further certify the destruction or return of Privileged Information.

(a) Contesting Claim of Privilege or Work Product Protection. If the

Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five (5) business days of receipt of the Producing Party's privilege log—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(b) The parties may stipulate to extend the time periods set forth in the preceding paragraphs.

(c) Attorney's Ethical Responsibilities. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

(d) If a Party receiving Information has reason to believe that Disclosed Information may reasonably be subject to a claim of privilege, then the Party receiving such information shall immediately sequester the information, cease using the information and cease using any work product containing the information, and shall inform the Party that disclosed such information of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Party that made the disclosure of such information. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Privileged Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve and/or certify destruction of all unauthorized copies of the Privileged Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulated Protective Order.

12.5 A copy of this Stipulated Protective Order shall be served with any subpoena or deposition notice compelling the production of documents or information from any third party.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, at the request of the Designating Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. This Stipulated Protective Order may be executed in counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 22, 2023

JONES DAY

By: */s/ Rick Bergstrom*
Rick Bergstrom

Attorneys for Defendant MICRON TECHNOLOGY INC.

Dated: December 21, 2023

KING & SIEGEL LLP

By: */s/ Robert J. King* (as authorized on 12/21/2023)
Julian Burns King
Robert J. King
Erum Siddiqui

Attorneys for Plaintiff ROBERT BIELBY

///

///

///

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED**.

Dated: January 3, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ___________________________ [print or type full name], of ___________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on ________________[date] in the case of *Bielby v. Micron Technology, Inc.* (Case No. 2:23-cv-02356-KJM-CKD). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___________________________ [print or type full name] of ____________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____________________________

City and State where sworn and signed: _________________________________

Printed name: ________________________________________

Signature: ______________________________