UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BIELBY,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY INC.,<br><br>Defendant. | No. 2:23-cv-02356-DC-CKD<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. No. 45) |

On February 5, 2025, Plaintiff filed a notice of request to file under seal unredacted versions of Plaintiff's opposition to Defendant's motion for summary judgment, Plaintiff's separate statement of material facts filed in support of Plaintiff's opposition to Defendant's motion for summary judgment, and numerous documents attached as exhibits to the declaration of Robert King filed in support of Plaintiff's opposition to Defendant's motion for summary judgment. (Doc. No. 30.) On November 7, 2025, the court denied that request without prejudice and ordered that Plaintiff either file a renewed request to file under seal or file unredacted versions of the documents on the public docket. (Doc. No. 44.) On November 21, 2025, Plaintiff timely filed the pending request to file those same documents under seal. (Doc. No. 45.)

In the pending request, Plaintiff states that the request "is made on the grounds that Defendant Micron Technology . . . designated documents as confidential pursuant to the Stipulated Protective Order, [Doc.] No. 14." (Doc. No. 45 at 2.) Plaintiff further requests that

"[t]o the extent Defendant believes any of these documents should remain under seal, Plaintiff invites [Defendant] to file an appropriate declaration in support of this sealing application." (*Id.*) No further explanation is provided for why the court should permit filing the documents under seal.

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

A party seeking to file documents under seal relating to a motion for summary judgment must show compelling reasons for the documents to be sealed, regardless of whether the documents are the subject of a stipulated protective order. *Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."). Additionally, both the Eastern District Local Rules and this court's Standing Order in Civil Actions make clear that a stipulated protective order does not govern the filing of sealed or redacted documents on the public docket. E.D. Cal. R. 141(a) ("To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the document."); (Doc. No. 27-1 at 4) ("Protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket."). Because Plaintiff's

1  only proffered reason to file the documents under seal are that they are the subject of a stipulated
2  protective order, Plaintiff has not shown compelling reasons exist for the documents to be filed
3  under seal.
4      Plaintiff also indicates that Plaintiff has made this request on Defendant's behalf, and that
5  Defendant is the party interested in maintaining the confidentiality of the documents. (Doc. No.
6  45 at 2.) This court's standing order states that the "court will only consider requests to seal or
7  redact documents filed by the proponent of sealing or redaction." (Doc. No. 27-1 at 4.) Thus, as
8  Defendant is the proponent of maintaining the confidentiality of these documents, the court will
9  provide Defendant an opportunity to file a request to permit the filing of the subject documents
10  under seal.
11      Accordingly,
12      1.    Plaintiff's request to file documents under seal (Doc. No. 45) is DENIED;
13      2.    Within fourteen (14) days from the date of entry of this order, Defendant shall file
14      either a request to permit the filing of the subject documents under seal, or a notice
15      that Defendant does not intend to file such a request; and
16      3.    If Defendant does not file a request to seal by that deadline, the court will direct
17      Plaintiff to file unredacted versions of the subject documents on the public record.

IT IS SO ORDERED.

Dated: **December 16, 2025**

Dena Coggins
United States District Judge